IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | Civil Action No.: 9:16-cv-02961-DCN |
| Plaintiff, | |
| -versus- | **COMPLAINT FOR INTERPLEADER** |
| QUENTIN R. BOLDEN, as Personal Representative of the ESTATE OF ANNA MAE BOLDEN and REVERSE MORTGAGE SOLUTIONS, INC. d/b/a VERTICAL LEND ISAOA/ATIMA | |
| Defendants. | |

COMES NOW, the Plaintiff above named, Auto-Owners Insurance Company ("Auto-Owners"), complaining of the Defendants above named, alleges and states that:

1. Auto-Owners is a corporation organized and existing under the laws of Michigan, but which is qualified to do business in South Carolina which was, at all times referred to herein, having its principal place of business in the state of Michigan.

2. Upon Information and belief, Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden (hereinafter "Bolden"), is a resident and citizen of the state of North Carolina.

3. Upon Information and belief, Defendant Reverse Mortgage Solutions, Inc. d/b/a Vertical Lend ISAOA/ATIMA (hereinafter "RMS") is a corporation organized and existing under the laws of Texas, but which is qualified to do business in South Carolina at all times referred to herein, and having its principal place of business in the state of Texas.

4. Upon information and belief, this Court has both personal and subject matter jurisdiction

-1-

over this matter and venue is proper in the Beaufort Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

5.     Upon information and belief, Auto-Owners issued a homeowners insurance policy to Anna Mae Bolden bearing policy number 44-180-363-00 and being in effect from February 3, 2015 to February 2, 2016, with dwelling policy limits of $342,000. The property is referred to as "the house."

6.     On or about the morning of November 27, 2015, a fire broke out at the house insured by the aforementioned policy, rendering the dwelling a total loss. Anna Mae Bolden died in the fire which necessitated the creation of her Estate as referenced herein. Thus, each of the Defendants named above have made claims for insurance proceeds as a result of the fire loss.

7.     Auto-Owners concedes that its coverage is triggered. Likewise, Auto-Owners concedes that its policy limits will be exhausted by the claimants.

8.     Upon information and belief, a foreclosure action was commenced on July 22, 2015 against Anna Mae Bolden, and proper service was made upon Ms. Bolden at such time. The action is styled as <u>Reverse Mortgage Solutions, Inc. v. Annie Mae Bolden, et al</u>, Civil Action No. 2015-CP-07-01784 (S.C. Ct. Com. Pl.).

9.     Upon information and belief, an Order of Foreclosure was entered April 28, 2016 against Anna Mae Bolden, in which order, Defendant RMS waived a deficiency judgment against Anna Mae Bolden. At no such time did a party appear on behalf of Ms. Bolden or the estate to challenge the foreclosure. Upon information and belief, the Estate was never substituted as a party to the foreclosure.

10.     Auto-Owners issued an advance payment on the dwelling insurance proceeds to Defendant Bolden in the amount of $100,000, on or about July 15, 2016.

11.     Upon information and belief, a foreclosure sale commenced on August 1, 2016 at which time Defendant RMS was the highest bidder, and since such date, the property has been deeded to the Defendant RMS.

12.     On or about July 29, 2016, Auto-Owners issued a check payable to the Estate and RMS for $242,000, the balance of the policy limits for the dwelling.  On August 2, 2016, Defendant Bolden voided the check, returned it to Auto-Owners, demanding the check be re-issued payable solely to Defendant Bolden.

13.     On or about August 24, 2016, following recording of the foreclosure deed, Defendant RMS communicated to Auto-Owners also demanding the insurance proceeds related to the fire loss.

14.     Based on South Carolina state law, Auto-Owners believes the lender may have an interest to the insurance proceeds, even following the foreclosure. See S.C. Code Ann. § 29-3-780; Jones v. Equicredit Corp. Of S. Carolina, 556 S.E.2d 713, 347 S.C. 535 (Ct. App. 2001).

15.     Auto-Owners is filing this action as an interpleader.  Upon information and belief, Auto-Owners may be exposed to multiple liability based upon the facts presented in the aforementioned accident.  Further, there are competing claims against Auto-Owners, the stakeholder.  Auto-Owners is fearful of adverse claims, therefore, it comes to the Court seeking protection via an interpleader action.

16.     This action is filed pursuant to Rule 22 of the Federal Rules of Civil Procedure and seeks to deliver to the Court its policy limits and to be released from liability as to the claims presented and allow the action to proceed before the Court as to between the claimants of the proceeds of the

aforementioned policy; and allocate the proceeds as appropriate among the Defendant claimants.

Wherefore, Plaintiff prays for relief from the Court as follows:

    a.    For an Order allowing Auto-Owners to pay its policy limits to the Court until such time as the Defendants resolve the matter of how those monies should be allocated;

    b.    For an Order discharging Auto-Owners from liability as to the claims presented; and

    c.    For such other and further relief as this Honorable Court may deem just and proper.

Dated the 29th day of August, 2016.

    Respectfully Submitted;

    WALL TEMPLETON & HALDRUP, P.A.

    s/Morgan S. Templeton
    Morgan S. Templeton (Fed ID # 7187)
    Stephanie G. Brown (Fed ID #12343)
    145 King Street, Suite 300
    Post Office Box 1200
    Charleston, South Carolina 29402
    (843) 329-9500
    Attorneys for Plaintiff