UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>QUENTIN BOLDEN, as Personal Representative of the ESTATE OF ANNA MAE BOLDEN and REVERSE MORTGAGE SOLUTIONS, INC. d/b/a VERTICAL LEND ISAOA/ATIMA,<br><br>*Defendants.* | C/A No.: 9:16-cv-2961-DCN<br><br>DEFENDANT REVERSE MORTGAGE SOLUTIONS, INC.'S ANSWER, CLAIM TO FUNDS, COUNTERCLAIM AND CROSSCLAIM |

Comes now Defendant, Reverse Mortgage Solutions, Inc., improperly named Reverse Mortgage Solutions, Inc., d/b/a Vertical Lend ISAOA/ATIMA ("RMS"), by and through its undersigned counsel, and presents the following Answer, Counterclaim and Crossclaim to Plaintiff's Complaint ("Complaint"). Any allegation in the Complaint not specifically admitted herein is denied. More specifically, RMS states:

### RESPONSE TO JURISDICTION

1.   RMS has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.   RMS has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3.   RMS denies the allegations contained in paragraph 3 of the Complaint, but admits that it is a corporation organized under the laws of Delaware with its principal place of business in Texas.

4.   RMS admits the allegations contained in paragraph 4.

5. RMS admits the allegations contained in paragraph 5.

6. RMS admits the allegations contained in paragraph 6.

7. RMS admits that Auto-Owners Insurance Company's coverage has been triggered, but RMS has insufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. RMS admits the allegations contained in paragraph 8.

9. RMS admits the allegations contained in paragraph 9.

10. RMS admits the allegations contained in paragraph 10 upon information and belief.

11. RMS admits the allegations contained in paragraph 11.

12. RMS has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. RMS admits the allegations contained in paragraph 13.

14. RMS admits the allegations contained in paragraph 14.

15. RMS has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, but admits that there are competing claims to the insurance proceeds from the Auto-Owners Insurance Company policy. RMS avers that it is the only party entitled to the sums of money at issue in this matter.

16. RMS has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and therefore denies the same. RMS specifically denies that RMS should be released from liability as to the policy given its breach of policy terms by issuing an "advance payment on the dwelling insurance proceeds to Defendant Bolden in the amount of $100,000" in violation of the mortgagee clause of the Policy.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiff is bound not to release the funds to Defendant Quentin Bolden, as Personal Representative of the Estate of Anna Mae Bolden owing to the terms and conditions of the insurance policy at issue.

## SECOND AFFIRMATIVE DEFENSE

This answering Defendant hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

## RMS CLAIM TO DWELLING PROCEEDS

17.    RMS repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18.    Auto-Owners issued a Homeowners Policy Form 3 to Anna Mae Bolden bearing policy number 44-180-363-00 with a policy period of February 3, 2015 to February 2, 2016. The Policy provided coverage limits of $342,000 on the Dwelling located at 609 William Hilton Pkwy, Hilton Head, South Carolina 29928.

19.    The Mortgage Clause of the Policy provides as follows:

Loss covered by the policy, if any, shall be payable to the mortgagee, as their interest may appear, under all present or future mortgages upon the property described in the Declarations of this policy in which the mortgagee may have have an interest.

Policy, ¶ 6k (excerpts attached hereto as Exhibit A.)

20.    RMS is identified as a Mortgagee on the Policy on Page 3 of the declarations pages of the policy under the heading of SECURED INTERESTED PARTIES AND/OR ADDITIONAL INTERESTED PARTIES.

21.    On or about June 14, 2010, Ms. Bolden executed the Fixed Rate Home Equity Conversion Note ("Note") in the principal sum of $325,500.00 in favor of Genworth Financial Home Equity Access, Inc. In order to secure the payment of the Note, she executed and delivered

to Genworth a Fixed Rate Home Equity Conversion Mortgage ("First Mortgage") and the Fixed Rate Home Equity Conversion Second Mortgage ("Second Mortgage," collectively the "Mortgages") (attached hereto as Exhibits B and C).

23. On or about May 17, 2011, Genworth assigned the First Mortgage to RMS. (attached hereto as Exhibit D.)

24. At some point, Ms. Bolden went into default of the First Mortgage, and RMS filed a foreclosure complaint on July 22, 2015.

25. Foreclosure Judgment was entered April 28, 2016, by the Master in Equity for Beaufort County, South Carolina. At the foreclosure sale held August 1, 2016, RMS was the high bidder and purchased the property. The Master in Equity issued the Foreclosure Deed in RMS' name August 10, 2016.

26. At the time of the foreclosure judgment, the total amount owed on the First Mortgage was $246,539.75. The total amount owed on the First Mortgage as of the filing of this complaint is $245,022.89.

27. On or about the morning of November 27, 2015, a fire destroyed the Dwelling. Anna Mae Bolden died in the fire which necessitated the creation of her Estate as referenced herein.

28. Upon information and belief, Auto-Owners issued an advance payment on the Dwelling limits to Defendant Bolden in the amount of $100,000, on or about July 15, 2016. This advance payment was not made jointly to RMS and Defendant Bolden as required by the Mortgage Clause of the Policy.

29. Upon information and belief, on or about July 29, 2016, Auto-Owners issued a check payable to the Estate and RMS for $242,000, the balance of the Dwelling limits of the Policy.

On August 2, 2016, Defendant Bolden voided the check, returned it to Auto-Owners, demanding the check be re-issued payable solely to Defendant Bolden.

30.   RMS is entitled to a return of the advance payment and to the remainder of the Dwelling limits of the Policy under the terms of the Mortgage Clause of the Policy and South Carolina case law.  *See* S.C. Code Ann. § 29-3-780; *Jones v. Equicredit Corp. Of S. Carolina*, 556 S.E.2d 713, 347 S.C. 535 (Ct. App. 2001).

WHEREFORE, RMS respectfully requests (a) that the advance payment made by Plaintiff to Defendant Bolden be returned to Auto-Owners and be paid jointly to Defendant Bolden and Auto-Owners as required by the terms of the Mortgage Clause of the Policy; (b) that the remainder of the Dwelling limits of the Policy be paid to RMS as required by the terms of the Mortgage Clause of the Policy  and South Carolina case law; and (c) that the court grant such other relief as is proper and equitable under the circumstances.

RMS incorporates herein its Answer to the Interpleader Complaint of Auto-Owners Insurance Company and its Affirmative Defenses as if restated in full, and also asserts the following Counterclaim:

## COUNTERCLAIM

COMES NOW Cross-Plaintiff/Defendant Reverse Mortgage Solutions, Inc. (hereinafter "RMS") and for its Counterclaim against Plaintiff Auto-Owners Insurance Company. (hereinafter "Auto-Owners"), states as follows:

### Jurisdiction, Parties and Venue

31.   Upon Information and belief, Auto-Owners is a corporation organized and existing under the laws of Michigan, but which is qualified to do business in South Carolina which was, at all times referred to herein, having its principal place of business in the state of Michigan.

32. Upon Information and belief, Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden (hereinafter "Bolden"), is a resident and citizen of the state of North Carolina.

33. Defendant and Crossclaim Plaintiff Reverse Mortgage Solutions, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Texas. It is qualified to do business in South Carolina at all times referred to herein.

34. Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Beaufort Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

35. Auto-Owners issued a Homeowners Policy Form 3 to Anna Mae Bolden bearing policy number 44-180-363-00 with a policy period of February 3, 2015 to February 2, 2016. The Policy provided coverage limits of $342,000 on the Dwelling located at 609 William Hilton Pkwy, Hilton Head, South Carolina 29928.

36. The Mortgage Clause of the Policy provides as follows:

> Loss covered by the policy, if any, shall be payable to the mortgagee, as their interest may appear, under all present or future mortgages upon the property described in the Declarations of this policy in which the mortgagee may have have an interest.

Policy, ¶ 6k (excerpts attached hereto as Exhibit A.)

37. RMS is identified as a Mortgagee on the Policy on Page 3 of the declarations pages of the policy under the heading of SECURED INTERESTED PARTIES AND/OR ADDITIONAL INTERESTED PARTIES.

38. On or about the morning of November 27, 2015, a fire broke out at the house insured by the aforementioned policy, rendering the dwelling a total loss. Anna Mae Bolden died in the fire which necessitated the creation of her Estate as referenced herein.

39. Upon information and belief, Auto-Owners issued an advance payment on the dwelling insurance proceeds to Defendant Bolden in the amount of $100,000, on or about July 15, 2016.

40. RMS is entitled to a return of the advance payment and the remainder of the proceeds on the terms and conditions of the Policy, the terms of the Mortgages executed by Ms. Bolden, and South Carolina case law.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

41. RMS Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 40 of this Answer, Counterclaim and Crossclaim with the same force and effect as those set forth here in full.

42. The Policy issued to Bolden is a valid, binding, and enforceable agreement.

43. RMS is identified as a Mortgagee on the Policy on Page 3 of the declarations pages of the policy under the heading of SECURED INTERESTED PARTIES AND/OR ADDITIONAL INTERESTED PARTIES.

44. The Mortgage Clause of the Policy provides as follows:

> Loss covered by the policy, if any, shall be payable to the mortgagee, as their interest may appear, under all present or future mortgages upon the property described in the Declarations of this policy in which the mortgagee may have have an interest.

Policy, ¶ 6k (excerpts attached hereto as Exhibit A.)

45. When Auto-Owners issued an advance payment on the dwelling insurance proceeds to Defendant Bolden in the amount of $100,000, on or about July 15, 2016, it breached the terms and conditions of the Policy.

46. As a direct and proximate result of the breach of the Policy by Auto-Owners, RMS has incurred monetary damages.

WHEREFORE, RMS respectfully requests (a) that the advance payment made by Plaintiff to Defendant Bolden be returned to Auto-Owners and be paid jointly to Defendant Bolden and Auto-Owners as required by the terms of the Mortgage Clause of the Policy; (b) that the remainder of the Dwelling limits of the Policy be paid to RMS as required by the terms of the Mortgage Clause of the Policy and South Carolina case law; and (c) that the court grant such other relief as is proper and equitable under the circumstances.

RMS incorporates herein its Answer to the Interpleader Complaint of Auto-Owners Insurance Company, its Affirmative Defenses as if restated in full, its Counterclaim, and also asserts the following Cross-Claims:

## CROSSCLAIM

COMES NOW Cross-Plaintiff/Defendant Reverse Mortgage Solutions, Inc. (hereinafter "RMS") and for its Cross-Claims against Cross-Defendants/Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden (hereinafter "Bolden"), states as follows:

### Jurisdiction, Parties and Venue

47. This Cross-Claim arises out of the Interpleader Complaint of Auto-Owners Insurance Company.

48. Upon Information and belief, Auto-Owners is a corporation organized and existing under the laws of Michigan, but which is qualified to do business in South Carolina which was, at all times referred to herein, having its principal place of business in the state of Michigan.

49. Upon Information and belief, Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden (hereinafter "Bolden"), is a resident and citizen of the state of North Carolina.

50. Defendant and Crossclaim Plaintiff Reverse Mortgage Solutions, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Texas. It is qualified to do business in South Carolina at all times referred to herein.

51. Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Beaufort Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

52. On or about June 14, 2010, Ms. Bolden executed the Fixed Rate Home Equity Conversion Note ("Note") in the principal sum of $325,500.00 in favor of Genworth Financial Home Equity Access, Inc. In order to secure the payment of the Note, she executed and delivered to Genworth a Fixed Rate Home Equity Conversion Mortgage ("First Mortgage") and the Fixed Rate Home Equity Conversion Second Mortgage ("Second Mortgage," collectively the "Mortgages") (*see* Exhibits B and C).

53. The key provision of the First Mortgage provides as follows:

> In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding Indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

Mortgage, ¶ 3.

54. The terms of the Mortgage clearly provide that the advance payment and any remaining policy procceds be paid to RMS solely so that it can apply those funds to the amount owed under the Mortgages. The First Mortgage provides further that in the event of a foreclosure, "all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser." *Id.*

55. On or about May 17, 2011, Genworth assigned the First Mortgage to RMS. (*see* Exhibit D.)

56. Auto-Owners issued a Homeowners Policy Form 3 to Anna Mae Bolden bearing policy number 44-180-363-00 with a policy period of February 3, 2015 to February 2, 2016. The Policy provided coverage limits of $342,000 on the Dwelling located at 609 William Hilton Pkwy, Hilton Head, South Carolina 29928.

57. The Mortgage Clause of the Policy provides as follows:

> Loss covered by the policy, if any, shall be payable to the mortgagee, as their interest may appear, under all present or future mortgages upon the property described in the Declarations of this policy in which the mortgagee may have have an interest.

Policy, ¶ 6k (excerpts attached hereto as Exhibit A.)

10

58. RMS is identified as a Mortgagee on the Policy on Page 3 of the declarations pages of the policy under the heading of SECURED INTERESTED PARTIES AND/OR ADDITIONAL INTERESTED PARTIES.

59. At some point, Ms. Bolden went into default of the First Mortgage, and RMS initiated a foreclosure on July 22, 2015.

60. Foreclosure Judgment was entered April 28, 2016, by the Master in Equity for Beaufort County, South Carolina. At the foreclosure sale held August 1, 2016, RMS was the high bidder and purchased the property. The Master in Equity issued the Foreclosure Deed in RMS' name August 10, 2016.

61. At the time of the foreclosure judgment, the total amount owed on the first mortgage was $246,539.75. The total amount owed on the first mortgage as of the filing of this complaint is $245,022.89.

62. On or about the morning of November 27, 2015, a fire broke out at the house insured by the aforementioned policy, rendering the dwelling a total loss. Anna Mae Bolden died in the fire which necessitated the creation of her Estate as referenced herein.

63. Upon information and belief, Auto-Owners issued an advance payment on the dwelling insurance proceeds to Defendant Bolden in the amount of $100,000, on or about July 15, 2016.

64. Upon information and belief, on or about July 29, 2016, Auto-Owners issued a check payable to the Estate and RMS for $242,000, the balance of the policy limits for the dwelling. On August 2, 2016, Defendant Bolden voided the check, returned it to Auto-Owners, demanding the check be re-issued payable solely to Defendant Bolden.

65.  RMS is entitled to a return of the advance payment and the remainder of the proceeds on the terms and conditions of the Policy, the terms of the Mortgages executed by Ms. Bolden, and South Carolina case law.

66.  Based on South Carolina state law, RMS has the sole interest to the insurance proceeds following the foreclosure. *See* S.C. Code Ann. § 29-3-780; *Jones v. Equicredit Corp. Of S. Carolina*, 556 S.E.2d 713, 347 S.C. 535 (Ct. App. 2001).

### FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

67  RMS Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 66 of this Answer, Counterclaim and Crossclaim with the same force and effect as those set forth here in full.

68.  The Mortgages executed by Bolden are valid, binding, and enforceable agreements.

69.  The terms of the Mortgage clearly provide that the advance payment and any remaining policy procceds be paid to RMS solely so that it can apply those funds to the amount owed under the Mortgages. The First Mortgage provides further that in the event of a foreclosure, "all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser." *Id.*

70.  By retaining the advance payment on the dwelling proceeds issued to Defendant Bolden by Auto-Owners, Defendant Bolden breached the terms of the Mortgages.

71.  When Defendant Bolden voided the check made payable to the Estate and RMS for $242,000, the balance of the policy limits for the dwelling, and returned it to Auto-Owners demanding the check be re-issued payable solely to Defendant Bolden, Bolden breached the terms of the Mortgages.

72. As a direct and proximate result of the breaches of the Mortgages by Defendant Bolden, RMS has incurred monetary damages.

## FOR A SECOND CAUSE OF ACTION

73. RMS Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer, Counterclaim and Crossclaim with the same force and effect as those set forth here in full.

74. The South Carolina Declaratory Judgment Act, S.C. Code Ann. § 15-53-10 et seq. grants this Court the power to declare rights, status and other legal relations whether or not further relief is or could be claimed. RMS brings this crossclaim for declaratory judgment pursuant to S.C. Code Ann. § 15-53-10 et seq. on the grounds that it is an interested party and seeks a declaration of the rights, status and legal rights of the parties under the contract insurance described herein.

75. An actual and justifiable controversy exists among the parties; therefore, a declaratory judgment is appropriate to assist the parties in understanding their rights and responsibilities under the subject homeowner's insurance policy.

76. RMS seeks a declaratory judgment as to the rights in the insurance proceeds from the insurance policy at issue.

77. RMS is entitled to a return of the advance payment and to the remainder of the Dwelling limits of the Policy under the terms of the Mortgage Clause of the Policy and South Carolina case law. *See* S.C. Code Ann. § 29-3-780; *Jones v. Equicredit Corp. Of S. Carolina*, 556 S.E.2d 713, 347 S.C. 535 (Ct. App. 2001).

78. In accordance with the terms and conditions of the Mortgage, the remaining proceeds should be provided to RMS, in satisfaction of its indebtedness.

WHEREFORE, RMS respectfully requests (a) that the advance payment made by Plaintiff to Defendant Bolden be returned to Auto-Owners and be paid jointly to Defendant Bolden and Auto-Owners as required by the terms of the Mortgage Clause of the Policy; (b) that the remainder of the Dwelling limits of the Policy be paid to RMS as required by the terms of the Mortgage Clause of the Policy and South Carolina case law; and (c) that the court grant such other relief as is proper and equitable under the circumstances.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Plaintiff's Complaint, asserting a demand on the funds, asserting a counterclaim for breach of contract, and asserting a crossclaim for breach of contract and declaratory judgment, RMS prays for the following:

1.     that the advance payment made by Plaintiff to Defendant Bolden be returned to Auto-Owners and be paid jointly to Defendant Bolden and Auto-Owners as required by the terms of the Mortgage Clause of the Policy;

2.     that the remainder of the Dwelling limits of the Policy be paid to RMS as required by the terms of the Mortgage Clause of the Policy and South Carolina case law; and

3.     that the Court award the costs of this action to RMS, and any other relief deemed appropriate by the Court.

Respectfully submitted this the 27th day of September, 2016.

          /s/ Michael C. Griffin
Michael C. Griffin Fed ID No. 10302
**BRADLEY ARANT BOULT CUMMINGS, LLP**
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6000
Facsimile: (704) 338-6091
mgriffin@bradley.com

*Attorneys for Defendant Reverse Mortgage Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September 2016, I have filed electronically filed with the Clerk of Court a true copy of the foregoing **DEFENDANT REVERSE MORTGAGE SOLUTIONS, INC.'S ANSWER, CLAIM TO FUNDS, COUNTERCLAIM AND CROSSCLAIM** using the CM/ECF system which will send notification of such filling to all parties as listed below:

Morgan S. Templeton (Fed ID # 7187)
Stephanie G. Brown (Fed ID #12343)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500

*Attorneys for Plaintiff*

Robert J. Arundell
Minor, Haight & Arundell, PC
Post Office Drawer 6067
Hilton Head Island, South Carolina 29938

*Attorneys for Defendant Bolden*

/s/ Michael C. Griffin
Michael C. Griffin (Fed ID No. 10302)

16