**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) | **Civil Action No.: 9:16 cv-02961-DCN** |
| | ) | |
| **Plaintiff** | ) | |
| **vs.** | ) | **ANSWER, COUNTERCLAIM** |
| | ) | **and CROSS-CLAIM** |
| | ) | **(Jury Trial Demanded)** |
| | ) | |
| **QUENTIN R. BOLDEN, as Personal** | ) | |
| **Representative of the ESTATE of** | ) | |
| **ANNA MAE BOLDEN and REVERSE** | ) | |
| **MORTGAGE SOLUTIONS, INC d/b/a** | ) | |
| **VERTICAL LEND ISAOA/ATIMA** | ) | |
| | ) | |
| **Defendants.** | ) | |

COMES NOW, Quentin R. Bolden, as Personal Representative of the Estate of Anna Mae Bolden ("Defendant Bolden"), by way of Answer to the Complaint for Interpleader ("Complaint") by Auto-Owners Insurance Company, (Auto-Owners"), and further responding by way of Counterclaim and Cross-Claim, reserving all rights under any and/or all pending and/or hereinafter filed motions, would respectfully allege as follows:

<u>**ANSWER**</u>

**FOR A FIRST DEFENSE**
(Admissions and Denials)

1.    Defendant Bolden denies each and every allegation not otherwise specifically admitted hereinafter and demands strict proof thereof.

2.    The allegations contained in Paragraph 1 are hereby admitted.

3.    The allegations contained in Paragraph 2 of the Complaint are hereby denied because Defendant Quentin R. Bolden, as Personal Representative of the

Estate of Anna Mae Bolden, is deemed to be a citizen and resident of the State of South Carolina since Anna Mae Bolden was a citizen and resident of South Carolina, living and residing at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928, at the time of her death.

4.      Paragraph 3 of the Complaint does not contain any allegation of fact directed at Defendant Bolden and therefor no answer is required.   To the extent an Answer is deemed necessary, Defendant Bolden admits same on information and belief.

5.      The allegations contained in Paragraphs 4 and 5 of the Complaint are hereby admitted.

6.      With respect to the allegations set forth in Paragraph 6 of the Complaint, Defendant Bolden admits that a fire occurred at the house on or about November 27, 2015 that rendered the dwelling a total loss.   Defendant Bolden further admits that the Estate of Anna Mae Bolden made a timely claim under Plaintiff's Policy No. 44-180-363-00 ("Policy") for payment of the insurance proceeds.   Defendant Bolden is without sufficient information to form an opinion or belief as to the balance of the allegations contained in Paragraph 6 of the Complaint and therefor denies same and demands strict proof thereof.

7.      The allegations contained in Paragraph 7 of the Complaint are hereby admitted, subject to Defendant Bolden's cross claims against Defendant, Reverse Mortgage Solutions, Inc. d/b/a Vertical Lend ISAOA/ATIMA ("Defendant Reverse Mortgage Solutions, Inc."), which allege, among other things, that Defendant Reverse Mortgage Solutions, Inc. does not have a valid claim on the insurance proceeds.

8.    With respect to the allegations set forth in Paragraph 8 of the Complaint, Defendant Bolden admits that a foreclosure action, styled as alleged (hereinafter, the "Foreclosure Action"), was commenced against Anna Mae Bolden on July 22, 2015. Defendant Bolden denies that proper service was made upon Ms. Bolden, however, it is admitted that the propriety of such service was not raised as a formal defense in the foreclosure action.

9.    The allegations contained in Paragraph 9 of the Complaint refer to documents which speak for themselves; therefore, Defendant Bolden denies all allegations inconsistent with the referenced documents and craves reference to the originals thereof.  Further responding to the allegations contained in said Paragraph 9, Defendant Bolden states that counsel for the Estate of Anna Mae Bolden did appear in the Foreclosure Action as counsel for the Estate of Anna Mae Bolden for the purpose of securing a continuance to allow time for Plaintiff to distribute the insurance proceeds in an effort to avoid the foreclosure and sale of the dwelling and that but for the bad faith of the Plaintiff, as more particularly set forth in Defendant Bolden's counterclaim hereinbelow, Defendant Reverse Mortgage Solutions, Inc. would have been paid in full and the dwelling would not have been sold as part of the Foreclosure Action.

10.    The allegations contained in Paragraph 10 of the Complaint refer to documents which speak for themselves; therefore, Defendant Bolden denies all allegations inconsistent with the referenced documents and craves reference to the originals thereof.  Further replying to the allegations contained in said Paragraph 10, Defendant Bolden states that he was unable to disburse the advance because it was tendered subject to recall per its terms.

11.     Paragraph 11 of the Complaint does not contain any allegation of fact directed at Defendant Bolden and therefore no answer is required.   To the extent an Answer is deemed necessary, Defendant Bolden admits same on information and belief.

12.     The allegations contained in Paragraph 12 of the Complaint refer to documents and/or correspondence which speak for themselves; therefore, Defendant Bolden denies all allegations inconsistent with the referenced documents and craves reference to the originals thereof.   Further replying to the allegations contained in said Paragraph 12, Defendant Bolden states that the referenced check was received by counsel on August 2, 2016 and there existed insufficient time for a deposit of said funds to clear in time to prevent the foreclosure sale of the dwelling.

13.     Paragraph 13 of the Complaint does not contain any allegation of fact directed at Defendant Bolden and therefore no answer is required.   To the extent an Answer is deemed necessary, Defendant Bolden is without sufficient information to form an opinion or belief as to the balance of the allegations contained in said Paragraph 13 and therefor denies same and demands strict proof thereof.

14.     Paragraph 14 of the Complaint states a conclusion of law and therefore no answer is required.   To the extent an Answer is deemed necessary, Defendant Bolden denies same and demands strict proof thereof.

15.     Paragraph 15 of the Complaint states a conclusion of law and therefore no answer is required.   To the extent an Answer is deemed necessary, Defendant Bolden admits so much of said Paragraph 15 as alleges the Estate of Anna Mae Bolden has a claim against Plaintiff under the Policy, to which Defendant Bolden craves reference,

and denies the balance of the allegations contained in said Paragraph 15 and demands strict proof thereof.

16.     Paragraph 16 of the Complaint states a conclusion of law and therefore no answer is required.   To the extent an Answer is deemed necessary, Defendant Bolden admits so much of said Paragraph 16 as alleges the Estate of Anna Mae Bolden has a claim against Plaintiff under the Policy, to which Defendant Bolden craves reference, and denies the balance of the allegations contained in said Paragraph 16 and demands strict proof thereof.

**FOR A SECOND DEFENSE**
(Failure to State a Claim)

17.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief can be granted.

**FOR A THIRD DEFENSE**
(Insufficient Process and/or Insufficient Service of Process)

18.     Plaintiff's Complaint is improper and should be dismissed for insufficient process and/or insufficient service of process, and Plaintiff's Complaint should therefore be dismissed.

**FOR A FOURTH DEFENSE**
(Fault of Plaintiff or Others)

19.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions or the actions of others.

## FOR A FIFTH DEFENSE
(Equitable Defenses)

20.    Plaintiff's claims are barred, in whole or in part, by the applicable equitable doctrines, including, inter alia, the doctrines of Waiver, Estoppel, Laches, Unjust Enrichment, and/or Unclean Hands.

## FOR A SIXTH DEFENSE
(Reservation and Non-Waiver)

21.    Defendant hereby expressly reserves and does not waive any and all additional defenses, including but not limited to those under Rule 12(b), to Plaintiff's Complaint based on law or facts as may be available, may arise, and/or may become known during the course of the present action.

WHEREFORE, for the reasons and defenses set forth herein, Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and held for naught, judgment be entered in favor of Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden, recovery of attorneys' fees and costs herein expended, any further relief that this Court deems just and proper, and TRIAL BY JURY.

## **COUNTERCLAIM**

COMES NOW, Defendant, Quentin R. Bolden, as Personal Representative of the Estate of Anna Mae Bolden, by counsel, and for his Counterclaim against Plaintiff Auto-Owners Insurance Company, respectfully alleges the following:

## INCORPORATION BY REFERENCE

22.    The admissions, denials, and allegations set forth above in this Defendant's Answer are re-alleged as if repeated verbatim herein. In addition, this Defendant further respectfully alleges as follows:

## JURISDICTIONAL ALLEGATIONS

23.    That the Defendant, Quentin R. Bolden, as Personal Representative of the Estate of Anna Mae Bolden, is deemed to be a citizen and resident of the State of South Carolina since Anna Mae Bolden was a citizen and resident of South Carolina, living and residing at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928, at the time of her death.

24.    That the Plaintiff, Auto-Owners Insurance Company (Auto-Owners), is a corporation organized and existing under the laws of a State other than South Carolina, has its principal place of business in the state of Michigan, is qualified to do business in South Carolina, and conducts business by way of contracting to provide insurance for residents of this State.

25.    The parties hereto, the subject-matter hereof, and all things and matters hereinafter alleged are within the jurisdiction and proper venue of this Honorable Court.

## FACTUAL ALLEGATIONS

26.    That Auto-Owners issued a homeowners insurance policy to Anna Mae Bolden, Policy Number 44-180-363-00, being in effect from February 3, 2015 to February 2, 2016, insuring Anna Mae Bolden's dwelling and other real and personal property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928, with dwelling policy limits of $342,000.00.

27.    On or about November 27, 2015, Anna Mae Bolden's dwelling, which was insured by the subject Auto-Owners policy, was destroyed by fire, rendering the dwelling a total loss under the terms and conditions of the policy.  Anna Mae Bolden died in the fire. An estate was created and Quentin R. Bolden was named as the Personal Representative of the Estate of Anna Mae Bolden.

28.    Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden properly demanded that Auto-Owners pay the dwelling policy limits of $342,000.00.

29.    Auto-Owners owed and had, and still owes and has, a duty to pay the dwelling policy limits of $342,000.00.

30.    Auto-Owners owed and had, and still owes and has, a duty to pay the dwelling policy limits of $342,000.00 to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

31.    Despite repeated demands by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, Auto-Owners has failed and refused, and continues to fail and refuse, to properly and timely pay the agreed upon dwelling policy limits of $342,000.00, by way of making baseless excuses, requesting totally irrelevant documents, and now even instituting this lawsuit.

32.    That on April 28, 2016, as a direct and proximate result of Auto-Owners' failures, refusals, and delays, with respect to not properly and timely paying the agreed upon dwelling policy limits of $342,000.00, a Judgment of Foreclosure and Sale, Deficiency Judgment Waived, was issued and entered concerning the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928.

33.    That on August 1, 2016, as a direct and proximate result of Auto-Owners' continued failures, refusals, and delays, with respect to not properly and timely paying the agreed upon dwelling policy limits of $342,000.00, despite continued repeated demands and additional warnings to Auto-Owners by Quentin R. Bolden as the

Personal Representative of the Estate of Anna Mae Bolden, the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 was sold pursuant to the Judgment of Foreclosure and Sale, Deficiency Judgment Waived.

34.     Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden properly demanded that Auto-Owners pay other amounts for other covered losses as well, including amounts for personal property, additional expenses and accidental death.

35.     Auto-Owners owed and had a duty to properly and timely pay other amounts for other covered losses as well, including amounts for personal property, additional expenses and accidental death.

36.     Despite repeated demands by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, Auto-Owners failed and refused to properly and timely pay other amounts for other covered losses as well, including amounts for personal property, additional expenses and accidental death, by way of making baseless excuses and requesting totally irrelevant documents and information.

### FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

37.     The allegations above are re-alleged as if repeated verbatim herein.

38.     Auto-Owners has breached the contract of insurance by failing to properly and timely pay benefits due thereunder, resulting in foreseeable damages to the Estate of Anna Mae Bolden.

39.     As a result of said breach, the Estate of Anna Mae Bolden is entitled to actual and special damages, together with prejudgment interest, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
(Insurance Bad Faith)

40.    The allegations above are re-alleged as if repeated verbatim herein.

41.    Auto-Owners and the Estate of Anna Mae Bolden are parties to a mutually binding contract of insurance.

42.    Auto-Owners, as insurer, refused to properly and timely pay benefits to the Estate of Anna Mae Bolden due under the contract resulting from Auto-Owners' bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract, and said actions have caused damages to the Estate of Anna Mae Bolden.

43.    Auto-Owners' conduct in this regard was willful or in reckless disregard of the rights of the Estate of Anna Mae Bolden under the contract.

44.    Auto-Owners failed to have in place, implement and follow proper policies and procedures to ensure that the failures to properly and timely pay benefits as set forth herein did not occur.

45.    Auto-Owners failed to see that all persons involved in the processing of claims were properly selected, hired, educated, trained, instructed, monitored, supervised, and retained to ensure that the resulting failures to properly and timely pay benefits as set forth herein did not occur.

46.    Upon information and belief, the failures and conduct set forth herein are part of a repeated pattern, practice, policy, standard, and habit on the part of Auto-Owners resulting in repeated failures to properly and timely pay benefits due thereunder, resulting in damages to insureds, including but not limited to the Estate of Anna Mae Bolden.

47.    As a result of said actions by Auto-Owners, the Estate of Anna Mae Bolden is entitled to actual, special, consequential, incidental, and punitive damages, together with prejudgment interest, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
### (Statutory Attorney Fees)

48.    The allegations above are re-alleged as if repeated verbatim herein.

49.    That more than ninety days have elapsed since a demand has been made for the payment of the various benefits set forth herein.

50.    Auto-Owners failed and/or refused to properly and timely pay the various benefits set forth herein, and even filed this lawsuit, without reasonable cause and/or in bad faith.

51.    As a result of such failures and actions, the Estate of Anna Mae Bolden has been required to retain the services of attorneys and incur expenses to recover the amounts justly due and owing under the policy.

52.    That the Estate of Anna Mae Bolden is entitled to an award of attorneys' fees in the amount of one-third of any amount recovered herein in addition to other damages pursuant to S.C. Code Ann. §38-59-40 (2015) or otherwise.

**WHEREFORE**, Defendant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden, requests that the Court grant judgment in favor of Defendant on Defendant's claims for actual, special, consequential, incidental, and punitive damages, and any other remedies and damages allowable by law, with prejudgment interest, attorney's fees, and the costs of this action, along with any other such relief the Court deems just and proper, including TRIAL BY JURY.

## CROSS-CLAIM

COMES NOW, Defendant/Cross-Claimant, Quentin R. Bolden, as Personal Representative of the Estate of Anna Mae Bolden, by counsel, and for his Cross-Claim against Defendant Reverse Mortgage Solutions, Inc. d/b/a Vertical Lend ISAOA/ATIMA, respectfully alleges the following:

### INCORPORATION BY REFERENCE

53.    The admissions, denials, and allegations set forth above in this Defendant/ Cross-Claimant's Answer and Counterclaim are re-alleged as if repeated verbatim herein. In addition, this Defendant/Cross-Claimant further respectfully alleges as follows:

### JURISDICTIONAL ALLEGATIONS

54.    That the Defendant/Cross-Claimant, Quentin R. Bolden, as Personal Representative of the Estate of Anna Mae Bolden, is deemed to be a citizen and resident of the State of South Carolina since Anna Mae Bolden was a citizen and resident of South Carolina, living and residing at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928, at the time of her death.

55.    That Defendant, Reverse Mortgage Solutions, Inc. d/b/a Vertical Lend ISAOA/ATIMA ("Reverse Mortgage Solutions, Inc."), is a corporation organized and existing under the laws of a State other than South Carolina, has its principal place of business in the State of Texas, is qualified to do business in South Carolina, and does so conduct business with residents of this State.

56.    The parties hereto, the subject-matter hereof, and all things and matters hereinafter alleged are within the jurisdiction and proper venue of this Honorable Court.

## FACTUAL ALLEGATIONS

57.    That Auto-Owners issued a homeowners insurance policy to Anna Mae Bolden, Policy Number 44-180-363-00, being in effect from February 3, 2015 to February 2, 2016, insuring Anna Mae Bolden's dwelling and other real and personal property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928, with dwelling policy limits of $342,000.00.

58.    On or about November 27, 2015, Anna Mae Bolden's dwelling, which was insured by the subject Auto-Owners policy, was destroyed by fire, rendering the dwelling a total loss under the terms and conditions of the policy.  Anna Mae Bolden died in the fire.    An estate was created and Quentin R. Bolden was named as the Personal Representative of the Estate of Anna Mae Bolden.

59.    Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden properly demanded that Auto-Owners pay the dwelling policy limits of $342,000.00.

60.    Auto-Owners owed and had, and still owes and has, a duty to pay the dwelling policy limits of $342,000.00 to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

61.    Despite repeated demands by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, Auto-Owners has failed and refused, and continues to fail and refuse, to properly and timely pay the agreed upon dwelling policy limits of $342,000.00, by way of making baseless excuses, requesting totally irrelevant documents, and now even instituting this lawsuit.

62.     A foreclosure action, styled as Reverse Mortgage Solutions, Inc. v. Annie Mae Bolden, et. al., Civil Action No. 2015-CP-07-01784 (S.C. Ct. Com. Pl.) ("Foreclosure Action") was commenced against Anna Mae Bolden by Reverse Mortgage Solutions, Inc.

63.     Anna Mae Bolden's death was not the grounds for the Foreclosure Action and acceleration of debt.  In fact, she was still alive when the Foreclosure Action was filed.

64.     The purported grounds for the Foreclosure Action and acceleration of debt were alleged failure to pay taxes and insurance premiums.

65.     On April 26, 2016, counsel for the Estate of Anna Mae Bolden did appear in the Foreclosure Action as counsel for the Estate of Anna Mae Bolden and filed a motion for continuance while the Estate of Anna Mae Bolden tried to get Auto-Owners to properly and timely distribute the insurance proceeds in an effort to avoid the foreclosure and sale of the property.  Reverse Mortgage Solutions, Inc. in fact knew, or should have known, before, at that time, and thereafter, that Anna Mae Bolden was deceased having died in the November 27, 2015 fire that rendered the dwelling a total loss and that the Estate of Anna Mae Bolden was trying to get Auto-Owners to pay the dwelling policy limits of $342,000.00.

66.     Reverse Mortgage Solutions, Inc. never amended the Foreclosure Action to allege Anna Mae Bolden's death as a grounds for the Foreclosure Action and acceleration of debt.

67.    Reverse Mortgage Solutions, Inc. never amended the Foreclosure Action to name Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as the Defendant in the Foreclosure Action.

68.    Paragraph 11 of the Home Equity Conversion Mortgage ("HECM" or "Reverse Mortgage") that was the subject of the Foreclosure Action provided a right to reinstatement which applies even after foreclosure proceedings are instituted.

69.    Reverse Mortgage Solutions, Inc. issued a reinstatement letter, advised the reinstatement amount was $9,995.00, and promised to dismiss the foreclosure action following reinstatement.

70.    Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden tried to exercise that right of reinstatement pursuant to the contract and law.

71.    Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden had the cashier's check for the reinstatement read to go, and was ready, willing and able to complete the agreed upon reinstatement.

72.    Paragraph 10 of the Reverse Mortgage stated that there shall be no personal liability for payment of the debt and lender shall not be permitted to obtain a deficiency judgment if the security instrument is foreclosed.

73.    Paragraph 3 of the Reverse Mortgage stated that all insurance shall be carried with companies approved by Reverse Mortgage Solutions, Inc.

74.    That on April 28, 2016, despite the Estate of Anna Mae Bolden's efforts to obtain a continuance in the Foreclosure Action while the Estate of Anna Mae Bolden tried to get Auto-Owners to properly and timely distribute the dwelling policy limits of

$342,000.00 in an effort to avoid the foreclosure and sale of the property, despite the foregoing contractual provisions provided in the Reverse Mortgage, despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to allege Anna Mae Bolden's death as a grounds for the Foreclosure Action and acceleration of debt, despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to name Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as the Defendant in the Foreclosure Action, and as a direct and proximate result of Auto-Owners' failures, refusals, and delays, with respect to not properly and timely paying the agreed upon dwelling policy limits of $342,000.00, a Judgment of Foreclosure and Sale, Deficiency Judgment Waived, was issued and entered concerning the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 at the request of Reverse Mortgage Solutions, Inc.

75.    That on August 1, 2016, as a direct and proximate result of Auto-Owners' continued failures, refusals, and delays, with respect to not properly and timely paying the agreed upon dwelling policy limits of $342,000.00, despite continued repeated demands and additional warnings to Auto-Owners by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, despite the foregoing contractual provisions provided in the Reverse Mortgage, despite the Estate of Anna Mae Bolden's efforts to obtain a continuance in the Foreclosure Action while the Estate of Anna Mae Bolden tried to get Auto-Owners to properly and timely distribute the dwelling policy limits of $342,000.00 in an effort to avoid the foreclosure and sale of the house, despite the foregoing contractual provisions provided in the Reverse Mortgage, despite The Estate of Anna Mae Bolden trying to exercise the right of reinstatement

pursuant to the contract and law, despite Reverse Mortgage Solutions, Inc. issuing a reinstatement letter, advising that the reinstatement amount was $9,995.00 and could be relied upon as the correct amount, and promising to dismiss the foreclosure action following reinstatement, despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to allege Anna Mae Bolden's death as a grounds for the Foreclosure Action and acceleration of debt, and despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to name Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as the Defendant in the Foreclosure Action, the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 was sold to Reverse Mortgage Solutions, Inc. pursuant to the Judgment of Foreclosure and Sale, Deficiency Judgment Waived at the request of Reverse Mortgage Solutions, Inc.

76.    That on August 10, 2016, as a direct and proximate result of Auto-Owners' continued failures, refusals, and delays, with respect to not properly and timely paying the agreed upon dwelling policy limits of $342,000.00 to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, despite continued repeated demands and additional warnings to Auto-Owners by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, despite the foregoing contractual provisions provided in the Reverse Mortgage, despite the Estate of Anna Mae Bolden's efforts to obtain a continuance in the Foreclosure Action while the Estate of Anna Mae Bolden tried to get Auto-Owners to properly and timely distribute the dwelling policy limits of $342,000.00 in an effort to avoid the foreclosure and sale of the house, despite the foregoing contractual provisions provided in the Reverse Mortgage,

despite The Estate of Anna Mae Bolden trying to exercise the right of reinstatement pursuant to the contract and law, despite Reverse Mortgage Solutions, Inc. issuing a reinstatement letter, advising that the reinstatement amount was $9,995.00 and could be relied upon as the correct amount, and promising to dismiss the foreclosure action following reinstatement, despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to allege Anna Mae Bolden's death as a grounds for the Foreclosure Action and acceleration of debt, and despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to name Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as the Defendant in the Foreclosure Action, the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 was transferred to Reverse Mortgage Solutions, Inc. at its request with a Foreclosure Master In Equity Deed pursuant to the August 1, 2016 sale and the Judgment of Foreclosure and Sale, Deficiency Judgment Waived.

77.     That Reverse Mortgage Solutions, Inc. waived deficiency when it foreclosed on the property and obtained the Judgment of Foreclosure and Sale, Deficiency Judgment Waived.

78.     That Reverse Mortgage Solutions, Inc. committed to looking only to the property it obtained with the Judgment of Foreclosure and Sale, Deficiency Judgment Waived and resulting Foreclosure Master In Equity Deed for satisfaction of the alleged indebtedness when it foreclosed on the property and waived deficiency with the Judgment of Foreclosure and Sale, Deficiency Judgment Waived.

79.     That according to Auto-Owners, despite continued repeated demands and additional warnings to Auto-Owners by Quentin R. Bolden as the Personal

Representative of the Estate of Anna Mae Bolden, despite the foregoing contractual provisions provided in the Reverse Mortgage, despite the Estate of Anna Mae Bolden's efforts to obtain a continuance in the Foreclosure Action while the Estate of Anna Mae Bolden tried to get Auto-Owners to properly and timely distribute the dwelling policy limits of $342,000.00 in an effort to avoid the foreclosure and sale of the house, despite the foregoing contractual provisions provided in the Reverse Mortgage, despite The Estate of Anna Mae Bolden trying to exercise the right of reinstatement pursuant to the contract and law, despite Reverse Mortgage Solutions, Inc. issuing a reinstatement letter, advising that the reinstatement amount was $9,995.00 and could be relied upon as the correct amount, and promising to dismiss the foreclosure action following reinstatement, despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to allege Anna Mae Bolden's death as a grounds for the Foreclosure Action and acceleration of debt, and despite Reverse Mortgage Solutions, Inc. never amending the Foreclosure Action to name Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as the Defendant in the Foreclosure Action, despite the Judgment of Foreclosure and Sale, Deficiency Judgment Waived, despite Reverse Mortgage Solutions, Inc. waiving any deficiency and committing to looking only to the property it obtained with the Judgment of Foreclosure and Sale, Deficiency Judgment Waived and resulting Foreclosure Master In Equity Deed for satisfaction of the alleged indebtedness, Reverse Mortgage Solutions, Inc. is now making a claim to and otherwise demanding payment of the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc. that are properly payable to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

80.     That Reverse Mortgage Solutions, Inc. is not entitled to payment of the dwelling policy limits of $342,000.00 that are properly payable to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

81.     That Reverse Mortgage Solutions, Inc. never made any claim in Probate Court against the Estate of Anna Mae Bolden pursuant to SC Code §62-3-801.

82.     That any claim by Reverse Mortgage Solutions, Inc. against the Estate of Anna Mae Bolden is now also "forever barred" because Reverse Mortgage Solutions, Inc. never made any claim in Probate Court against the Estate of Anna Mae Bolden pursuant to SC Code §62-3-801.

83.     That Reverse Mortgage Solutions, Inc. is improperly trying to collect twice by now demanding that Auto-Owners pay the $342,000.00 in dwelling coverage proceeds to Reverse Mortgage Solutions, Inc., interfering with contractual relations between Auto-Owners and the Estate of Anna Mae Bolden and otherwise not acting in good faith and contrary to law.

84.     That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, and not acting in good faith and contrary to law, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly and timely pay the dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

## FOR A FIRST CAUSE OF ACTION
(Improper Claim to Dwelling Loss Proceeds)

85.    The allegations above are re-alleged as if repeated verbatim herein.

86.    Auto-Owners owes and has a duty to pay the dwelling policy limits of $342,000.00 to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

87.    Auto-Owners does not owe or have a duty to pay the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc.

88.    Reverse Mortgage Solutions, Inc. does not have a legal and valid claim to payment of the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc.

89.    If Reverse Mortgage Solutions, Inc. had any potential legal and valid claim to payment of the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc., which is herein denied, Reverse Mortgage Solutions, Inc. waived and is otherwise barred from asserting any such claim.

90.    That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, and not acting in good faith and contrary to law, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly and timely pay the dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, and, in turn, a direct and proximate cause of additional

damages, including but not limited to such damages as loss of income, loss of use, loss of opportunity, increased expenses, interest, attorneys' fees, and costs, and any other remedies and damages allowable by law, suffered by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as a result thereof.

### FOR A SECOND CAUSE OF ACTION
(Equitable Claims and Remedies)

91.    The allegations above are re-alleged as if repeated verbatim herein.

92.    Any claim by Reverse Mortgage Solutions, Inc. to payment of the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc., is barred, in whole or in part, by applicable equitable doctrines, including but not limited to the doctrines of Waiver, Estoppel, Laches, Unjust Enrichment, and/or Unclean Hands.

93.    That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly and timely pay the dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, and, in turn, a direct and proximate cause of additional damages, including but not limited to such damages as loss of income, loss of use, loss of opportunity, additional expenses, interest, attorneys' fees, and costs, and any other

remedies and damages allowable by law, suffered by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as a result thereof.

## FOR A THIRD CAUSE OF ACTION
### (Violation of SCUTPA)

94.     The allegations above are re-alleged as if repeated verbatim herein.

95.     Upon information and belief, since 2007, Reverse Mortgage Solutions, Inc. is and has been a nation-wide HUD-, FHA-, and Fannie Mae- approved reverse mortgage servicer with a comprehensive suite of services, including loan servicing technology and loan servicing, loan originating technology, consulting services, and asset management services. In fact, Reverse Mortgage Solutions, Inc. markets itself as 'the nation's leading authority on all aspects of reverse mortgages," "offering a variety of benefits to both homeowners and financial institutions," and "dedicated to educating financial professionals about the ins and outs and the pros and cons of the reverse mortgage market." Through its marketing, Reverse Mortgage Solutions, Inc. encourages homeowners to look into obtaining a reverse mortgage as "[e]ligilble borrowers may be able to turn your available equity into loan proceeds and free [themselves] from monthly mortgage payments with [a reverse mortgage] from Reverse Mortgage Solutions." Reverse Mortgage Solutions, Inc. promises and represents that "[w]e're committed to understanding your financial circumstances and want to learn more about your hopes and dreams for a comfortable retirement," and "[w]hatever your goals - Reverse Mortgage Solutions is ready to help you pursue the life you've earned and that life you love for your family and friends."

96.     Upon information and belief, issuers of HECM (Home Equity Conversion Mortgage) (also known as a reverse mortgage) mortgage-backed securities (HMBS)

sold a total of $9.5 billion in 2015. Ranking at the third spot overall was Reverse Mortgage Solutions, whose $1.47 billion issuance total represented a market share of 15.5%. In total, the company issued 159 HMBS pools in 2015 alone.

97.    Reverse Mortgage Solutions, Inc.'s conduct, including the wrongful conduct alleged hereinabove, implicates a public interest.

98.    Reverse Mortgage Solutions, Inc.'s conduct, including the wrongful conduct alleged hereinabove, amounts to an unfair or deceptive method, act or practice in the conduct of trade or commerce.

99.    Reverse Mortgage Solutions, Inc.'s conduct, including the wrongful conduct alleged hereinabove, is and was unfair, deceptive or has a tendency to deceive, offensive to public policy, immoral, unethical, oppressive, has an adverse effect on the public interest, and has the potential for repetition.

100.    The actions or inactions on the part of Reverse Mortgage Solutions, Inc., asserted herein, also amount to unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce prohibited by SCUTPA.

101.    That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, and unfair trade practices, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly and timely pay the

dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, and, in turn, a direct and proximate cause of additional damages, including but not limited to such damages as loss of income, loss of use, loss of opportunity, additional expenses, interest, attorneys' fees, and costs, and any other remedies and damages allowable by law, suffered by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as a result thereof.

102.    The actions or inactions on the part of Reverse Mortgage Solutions, Inc., asserted herein, also entitle Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden to treble damages under SCUTPA.

## FOR A FOURTH CAUSE OF ACTION
(Breach of Contract)

103    The allegations above are re-alleged as if repeated verbatim herein.

104.    The actions or inactions on the part of Reverse Mortgage Solutions, Inc., asserted herein, also amount to a breach of contract by Reverse Mortgage Solutions, Inc.

105.    That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, and unfair trade practices, and breach of contract, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly

and timely pay the dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, and, in turn, a direct and proximate cause of additional damages, including but not limited to such damages as loss of income, loss of use, loss of opportunity, additional expenses, interest, attorneys' fees, and costs, and any other remedies and damages allowable by law, suffered by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as a result thereof.

**FOR A FIFTH CAUSE OF ACTION**
(Breach of Fiduciary Duty and Implied Covenant of Good Faith and Fair Dealing)

106.    The allegations above are re-alleged as if repeated verbatim herein.

107.    The relationship, contractual or otherwise, between Reverse Mortgage Solutions, Inc. and Anna Mae Bolden and her Estate, resulting from the subject reverse mortgage, was fiduciary in nature, and also had with it an implied covenant of good faith and fair dealing.

108.    That the Estate of Quentin R. Bolden looked into attempting to reinstate the subject loan, which would normally have been allowed under the contract and pursuant to law, and was ready, willing and able to do so.  It was indicated that Reverse Mortgage Solutions, Inc. was at first agreeable to same before abruptly changing course and denying the Estate that contractual and legal right.

109.    Reverse Mortgage Solutions, Inc. did not have any right, pursuant to contract or otherwise, to demand that Auto-Owners pay the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc.

110.    The actions or inactions on the part of Reverse Mortgage Solutions, Inc., asserted herein, including but not limited to its improper attempt to collect twice,

demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, unfair trade practices, also amount to a breach of fiduciary duty and implied covenant of good faith and fair dealing.

111.    That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, unfair trade practices, and breach of fiduciary duty and implied covenant of good faith and fair dealing, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly and timely pay the dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, and, in turn, a direct and proximate cause of additional damages, including but not limited to such damages as loss of income, loss of use, loss of opportunity, additional expenses, interest, attorneys' fees, and costs, suffered by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as a result thereof.

112.    That as a result of actions or inactions on the part of Reverse Mortgage Solutions, Inc. asserted herein, including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean

hands, unfair trade practices, and a breach of fiduciary duty and implied covenant of good faith and fair dealing, the Estate of Anna Mae Bolden is also entitled to punitive damages, and any other remedies and damages allowable by law.

### FOR A SIXTH CAUSE OF ACTION
(Aiding and Abetting)

113.    The allegations above are re-alleged as if repeated verbatim herein.

114.    As noted above, on April 26, 2016, counsel for the Estate of Anna Mae Bolden did appear in the Foreclosure Action as counsel for the Estate of Anna Mae Bolden and filed a motion for continuance while the Estate of Anna Mae Bolden tried to get Auto-Owners to properly and timely distribute the insurance proceeds in an effort to avoid the foreclosure and sale of the dwelling.   Reverse Mortgage Solutions, Inc. knew before, at that time, and thereafter, that Anna Mae Bolden was deceased having died in the November 27, 2015 fire that rendered the dwelling a total loss, the Estate of Anna Mae Bolden was trying to get Auto-Owners to pay the dwelling policy limits of $342,000.00, Auto-Owners was in breach of contract and acting in bad faith.

115.    That on April 28, 2016, despite knowing all this, a Judgment of Foreclosure and Sale, Deficiency Judgment Waived be issued and entered concerning the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 at the request of Reverse Mortgage Solutions, Inc.

116.    That on August 1, 2016, despite knowing all this, the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 was sold to Reverse Mortgage Solutions, Inc. pursuant to the Judgment of Foreclosure and Sale, Deficiency Judgment Waived at the request of Reverse Mortgage Solutions, Inc.

117.    That on August 10, 2016, despite knowing all this, the subject property located at 609 William Hilton Parkway, Hilton Head Island, South Carolina 29928 was transferred to Reverse Mortgage Solutions, Inc. at its request with a Foreclosure Master In Equity Deed pursuant to the August 1, 2016 sale and the April 28, 2016 Judgment of Foreclosure and Sale, Deficiency Judgment Waived.

118.    That despite knowing all this, and despite its own failures, violations, inequities, breaches, and conduct set forth herein, Reverse Mortgage Solutions, Inc. is now making a claim to and otherwise demanding payment of the dwelling policy limits of $342,000.00 to Reverse Mortgage Solutions, Inc. that are properly payable to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden.

119.    That Reverse Mortgage Solutions, Inc. is knowingly participating in, aiding, and abetting Auto-Owners' breach of contract and bad faith.

120.    That, in the alternative and/or in addition to the breach of contract and bad faith on the part of Auto-Owners as set forth in this Defendant's Counterclaim against Auto-Owners, the actions or inactions on the part of Reverse Mortgage Solutions, Inc., including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, unfair trade practices, breach of contract, breach of fiduciary duty and implied covenant of good faith and fair dealing, and aiding and abetting, have caused or contributed to further delay, breach of contract, and bad faith on the part of Auto-Owners with respect to its failure to properly and timely pay the dwelling policy limits of $342,000.00 owed to Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden, and, in turn,

a direct and proximate cause of additional damages, including but not limited to such damages as loss of income, loss of use, loss of opportunity, additional expenses, interest, attorneys' fees, and costs, suffered by Quentin R. Bolden as the Personal Representative of the Estate of Anna Mae Bolden as a result thereof.

121.    That as a result of actions or inactions on the part of Reverse Mortgage Solutions, Inc. asserted herein, including but not limited to its improper attempt to collect twice, demand for payment, interference with contractual relations, not acting in good faith and contrary to law, waiver, estoppel, laches, unjust enrichment, and/or unclean hands, unfair trade practices, breach of contract, breach of fiduciary duty and implied covenant of good faith and fair dealing, and aiding and abetting Auto-Owners' breach of contract and bad faith, the Estate of Anna Mae Bolden is also entitled to punitive damages, and any other remedies and damages allowable by law.

**WHEREFORE**, Defendant/Cross-Claimant Quentin R. Bolden as Personal Representative of the Estate of Anna Mae Bolden, requests that the Court grant judgment in favor of Defendant/Cross-Claim Defendant on his claims for actual, special, consequential, incidental, treble, and punitive damages, and any other remedies and damages allowable by law, with prejudgment interest, attorneys' fees, and the costs of this action, along with any other such relief the Court deems just and proper, including TRIAL BY JURY.

Respectfully submitted this 30th day of September, 2016.

**MINOR, HAIGHT & ARUNDELL, P.C.**

_____/s/ Ehrick K. Haight, Jr._____
Ehrick K. Haight, Jr. (Fed. ID # 1660)
Stacey S. Collins (Fed. ID # 11966)
Post Office Drawer 6067
Hilton Head Island, SC 29938
Tel: 843-785-8040
Fax: 843-785-3506
rick@mhalawfirm.com
stacey@mhalawfirm.com

**-and-**

**THE NYE LAW GROUP, P.C.**

_____/s/ Michael E. Liska_____
Michael E. Liska (Fed. ID # 12421)
25 Clarks Summit Drive, Suite 102
Bluffton, SC  29910
Tel: 843-420-1555
Fax: 912-335-6553
mike@thenyelawgroup.com

**CO-COUNSEL FOR DEFENDANT/
CROSS-CLAIM PLAINTIFF, QUENTIN
R. BOLDEN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF ANNA MAE BOLDEN**

## CERTIFICATE OF SERVICE

This is to certify that I have electronically filed this Answer, Counterclaim and

Cross-Claim with the Court using the CM/ECF system which will send notification of

such filing to all parties listed below on this 30th day of September, 2016.

Morgan S. Templeton (Fed ID #7187)
Stephanie G. Brown (Fed ID #12343)
Wall, Templeman & Haldrup, P.A.
145 King Street, Suite 300
Post Office Box 1200
Charleston, SC  29402
Tel. 843-329-9500
**Counsel for Plaintiff,**
**Auto-Owners Insurance Company**
**m**
Michael C. Griffin (Fed ID # 10302)
Bradley, Arant, Boult, Cummings, LLP
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, NC  28202
Tel.  704-338-6000
Fax. 704-338-6091
**Counsel for Defendant,**
**Reverse Mortgage Solutions, Inc.**
**d/b/a Vertical Lend ISAOA/ATIMA**

                                        **THE NYE LAW GROUP, P.C.**

                                        ____/s/ Michael E. Liska_____
                                        Michael E. Liska (Fed. ID # 12421)